UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIA CHRISTINA GUAJARDO, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-10-208 |
| | § | |
| POWERMATE CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Plaintiffs' oral motion to remand the above-styled action back to state court. For the reasons discussed below, Plaintiffs' motion to remand is GRANTED, and the Court hereby REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 1 in Nueces County, Texas, where it was originally filed and assigned Cause No. 10-60979-0-1.

### I.     Factual and Procedural Background

Plaintiffs brought this wrongful death action in state court on May 21, 2010 against Defendants Powermate Corp., Robin America, Inc., Fuji Heavy Industries, Inc., Subaru of America, Inc., Pramac Industries ("Pramac"), Pramac Group, Home Depot U.S.A., Inc. ("Home Depot"), and Mathew S. Cox. (D.E. 1, Exh. B-2.) Plaintiffs allege that Defendants are liable for the deaths of Ashley Flores and Christopher Felix Guajardo as a result of carbon monoxide poisoning from a generator. (D.E. 1, Exh. B-2.) Defendant Home Depot was served with the Original Petition on June 4, 2010 and removed this action to this Court on June 21, 2010, invoking diversity jurisdiction. (D.E. 1, p. 1.) Pramac was served on June 9, 2010. (D.E. 19, p. 2.) Pramac did not join in the removal until July 22, 2010 when it filed its Answer forty-eight days after Home Depot was served with the Original Petition. (D.E. 21.) Although the state

court's docket sheet does not indicate the date Pramac was served, it does indicate that on June 1, 2010 there was a citation of service issued by the Secretary of State on Pramac and four other Co-Defendants. (D.E. 23, Exh. A.) On July 21, 2010, Plaintiffs made a timely oral motion to remand for failure of all properly joined and served Defendants to timely consent to the removal under 28 U.S.C. § 1447(c).[1]

## II. Discussion

### A. General Removal Principles

A defendant may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction over the action. 28 U.S.C. § 1441(a); see Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). A court, however, "must presume that a suit lies outside its limited jurisdiction." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno, 276 F.3d at 723.

It is well-settled that the removing party bears the burden of showing that the removal was proper. See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997). This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute. See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995). Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, a party may remove a case if there is: (1) complete diversity of citizenship;

---

[1] The failure for all properly served defendants to join in the removal is a procedural defect, and the Court cannot remand the case unless Plaintiffs makes a motion to remand the case within 30 days of the removal. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."). In this case, the removal petition was filed on June 21, 2010. (D.E. 1.) Plaintiffs timely objected to the procedural defect within 30 days on July 21, 2010 by bringing an oral motion to remand.

and (2) an amount in controversy greater than $75,000, exclusive of interests and costs.  See 28 U.S.C. § 1332(a).

### B. The Unanimity Rule

28 U.S.C. § 1446(a) provides:

> "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

28 U.S.C. § 1446(a) was interpreted in the Fifth Circuit's decision in Getty Oil to require that "all defendants who are properly joined and served must join in the removal petition." Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 (5th Cir. 1988); see also Farias v. Bexar County Mental Health Mental Retardation Servs., 925 F.2d 866, 871 (5th Cir. 1991).  "Failure to do so renders the petition defective."  Getty Oil, 841 F.2d at 1262.  Unless there are exceptional circumstances, consent for removal must occur within thirty days after the first defendant was served.  Id. at 1263.  For a co-defendants' consent to be procedurally valid, "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action."  Id. at 1262, n. 11.  A mere allegation that the non-joining defendant "has not been served" and "consents to removal" is not sufficient to meet this requirement.  Id. Because the rule set forth in Getty Oil requires all properly joined and served defendants to unanimously consent to removal, the rule has subsequently been called "the unanimity rule."  See Acosta v. Master Maint. & Constr. Inc., 452 F.3d 373, 375 (5th Cir. 2006)

(referring to "unanimity rule"); Doe v. Kerwood, 969 F.2d 165, 169 (5th Cir. 1992) (referring to "unanimous consent rule").

### 1. Pramac Did Not Timely Join in the Removal As Required by Getty Oil

Properly joined and served defendants have thirty days after the first defendant was served to consent to removal. Getty Oil, 841 F.2d at 1263. Home Depot was first served with the Original Petition on June 4, 2010. Thus, consent for removal was required thirty days later, on July 4, 2010. (D.E. 1.) Defendant Pramac was served with process on June 9, 2010, well before this action was removed. (D.E. 19, p. 2.) Pramac did not join in the removal until July 22, 2010, when it filed its Answer forty-eight days after Home Depot was first served with the Original Petition. (D.E. 1; D.E. 21.) Thus, under Getty Oil's general rule, the removal was defective because it failed to timely establish the consent of all properly joined and served defendants within 30 days. See Getty Oil, 841 F.2d at 1263.

### 2. There is No Valid Excuse For Defendant Home Depot's Failure to Join Pramac in the Removal

Defendant Home Depot argues that it should be exempted from the procedural requirements of Getty Oil because the state docket sheet did not specify the date Defendant Pramac was served. (D.E. 23.) However, Defendant Home Depot itself admits in its Response that there is no binding authority supporting this argument. (D.E. 23, p. 3) ("It does not appear that there is any Fifth Circuit or Southern District of Texas case law regarding this issue.") Defendant instead cites to several district court cases which have considered whether the absence of proof of service on a state docket sheet excuses a removing defendant from compliance with the unanimity rule. (D.E. 23.) District courts have come up with two competing tests which analyze whether a docket sheet's failure to specify the date a defendant was served constitutes an

"exceptional circumstance" under Getty Oil. This Court need not decide which test is proper because the removal is defective under either test, as addressed below.

### a. The First Test Does Not Apply Because There are No Allegations that Plaintiffs Engaged in Forum Manipulation and Fraud

Under the first test, Getty Oil's procedural requirements can be overcome only where a removing defendant shows the plaintiff engaged in forum manipulation and fraud. See Baych v. Herrick Douglass, 227 F. Supp. 2d 620, 622 (E.D. Tex. 2002) (finding no exceptional circumstances exist for the procedural defect because "[t]here is no evidence in the record before the court that Plaintiff attempted to manipulate the forum or [acted] in bad faith."); Forman v. Equifax Credit Info. Sys., Inc., 1997 U.S. Dist. LEXIS 4737, at *2 (E.D. La. April 4, 1997) (finding that exceptional circumstances are limited to bad faith and forum manipulation).

In this case, Defendant Home Depot does not allege that Plaintiffs' service of Pramac was fraudulent or constituted forum manipulation. (D.E. 23.) In fact, the state docket sheet put Defendant Home Depot on notice that Pramac Industries was a party and that the Secretary of State was directed to issue citation of service on June 1, 2010. (D.E. 23, Exh. A.) Because there is no evidence of bad faith or forum manipulation, this Court finds that, under this test, the removal is defective.

### b. The Second Test Does Not Apply Because Defendant Home Depot Failed to Act Diligently and Reasonably by Failing to Contact Co-Defendants

Under the second test, a removing defendant may be exempted from joining a served co-defendant in the removal, so long as (1) the removing defendant did not know the co-defendant had been served and (2) the removing defendant acted reasonably and diligently in an effort to determine whether the co-defendant had been served. See, e.g., Dupree v. Torin Jacks, Inc., 2009

U.S. Dist. LEXIS 11267 (W.D. La. Feb. 12, 2009); Milstead Supply Co. v. Casualty Ins. Co., 797 F. Supp. 569 (W.D. Tex. 1992).

     In this case, even if this Court assumes that the first prong of this test has been met, Defendant Home Depot failed to meet the second prong in that it failed to make a reasonable effort to determine whether its Co-Defendants had been served.  Specifically, Home Depot failed to take any action other than check the state court docket to determine whether its Co-Defendants were served.  (D.E. 23, Exh. B.)  "[T]he absence of record evidence of service, standing alone, does not automatically equal exceptional circumstances." Dupree v. Torin Jacks, Inc., 2009 U.S. Dist. LEXIS 11267 (W.D. La. Feb. 12, 2009); see also Forman, 1997 U.S. Dist. LEXIS 4737, at *2 (remanding action for failure to join all defendants finding that defendants "place[d] too much reliance on their search for and the absence of a return of service in the state court record"). Here, there is no evidence that Home Depot attempted to contact its Co-Defendants to inquire whether they were served or if they consented to removal.  See Dupree, 2009 U.S. Dist. LEXIS 11267 at *14; Forman, 1997 U.S. Dist. LEXIS 4737 at *7; see also Marquette Bus. Credit, Inc. v. America's Kitchen, Inc., 2010 U.S. Dist. LEXIS 41507 at *12 (N.D. Tex. Apr. 28, 2010) ("[T]he removing defendant need only contact the other named defendants, determine whether service has been attempted on them or otherwise effected (such as through acceptance of service), ascertain whether a particular defendant intends to challenge service, and secure the joinder in or consent to removal of all defendants . . ."). Furthermore, because it was readily apparent from the state court docket that the five Defendants who did not have a proof of service on file had citations of service issued by the Secretary of State, Home Depot could have easily contacted the Secretary of State to inquire whether service had been executed.  (D.E. 23, Exh. A.)  Home Depot unreasonably failed to do so.  See Forman, 1997 U.S. Dist. LEXIS 4737 at *7 (remanding

case and noting removing defendants failed to "contact the Secretary of State, with whom all foreign corporations must register"). The Court therefore finds that Defendant Home Depot failed to diligently and reasonably investigate whether its Co-Defendants had been served.[2] Thus, the removal is defective because Defendant Pramac did not join in the removal by July 4, 2010, and this case should be remanded pursuant to 28 U.S.C. § 1447(c). See Getty Oil, 841 F.2d at 1263.

### III.    Conclusion

For the reasons stated above, Plaintiffs' oral motion to remand is GRANTED and this case is REMANDED pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 1 in Nueces County, Texas, where it was originally filed and assigned Cause No. 10-60979-0-1.

SIGNED and ORDERED this 28th day of July, 2010.

_____
Janis Graham Jack
United States District Judge

---

[2] Defendant Home Depot cites several cases to support its argument that its reliance on the state court record is sufficient to excuse it from procedural compliance with the removal statute. (D.E. 23.) As Defendant admits, these cases are not binding on this Court. (D.E. 23, p. 3.) Additionally, Defendant Home Depot's lead case, Milstead, has been criticized by several courts which find it is an "impermissible" broadening of the Fifth Circuit's exceptions to procedural removal rules and that it puts too much reliance on the accuracy of state court dockets. See Forman v. Equifax Credit Info. Sys., Inc., 1997 U.S. Dist. LEXIS 4737, at *6 (E.D. La. April 4, 1997); Harlow Aircraft Mfg. v. Dayton Mach. Tool Co., 2005 U.S. Dist. LEXIS 10180 (D. Kan. May 16, 2005); Ross v. Thousand Adventures of Iowa, Inc., 178 F. Supp. 2d 996 (S.D. Iowa 2001).